# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL MARKS and DOROTHY
MARKS,

       *Plaintiffs*,

v.

OTIS ELEVATOR COMPANY and
VENETIAN CASINO RESORT, LLC,

       *Defendants*.

Case No. 6:16-cv-01394-EFM-KGS

**MEMORANDUM AND ORDER**

Plaintiffs Michael and Dorothy Marks filed a negligence action against Defendants Venetian Casino Resort, LLC ("Venetian") and Otis Elevator Company ("Otis"). This matter comes before the Court on Defendants' motion to dismiss for improper venue. Alternatively, Defendants move to transfer venue for convenience (Doc. 8, 12). For the reasons stated below, the Court grants Defendants' motion to dismiss.

## I.     Factual and Procedural Background

On May 29, 2016, Plaintiffs were in Las Vegas celebrating their grandson's 21st birthday. While at a casino owned and operated by Venetian, they entered an elevator manufactured by Otis. The elevator malfunctioned and Plaintiffs were subsequently injured. Plaintiffs filed a negligence action in this Court, alleging diversity jurisdiction. Plaintiffs are

residents of Kansas. Otis is a for-profit corporation organized under the laws of New Jersey. Otis operates other elevators in Kansas and maintains a resident agent there. Venetian is a Nevada limited liability company with its principal place of business and headquarters also in Nevada. Venetian maintains no place of business or resident agent in Kansas. Otis and Venetian have each filed a motion to dismiss due to improper venue, or alternatively to transfer venue to Nevada. The Court now considers these motions in turn.

## II. Legal Standard

### A. Motion to Dismiss for Improper Venue

Under Rule 12(b)(3), defendants may request dismissal for improper venue. Venue is proper in Kansas under 28 U.S.C. § 1391(b) only when (1) all defendants are residents of Kansas, (2) a substantial part of the events giving rise to the action occurred in Kansas, or (3) there is no other venue in which the action could have been brought.

When a defendant challenges venue, the plaintiff bears the burden of showing that venue is proper.[1] In a motion to dismiss for improper venue, the plaintiff is only required to make a prima facie showing that venue is proper to avoid dismissal; this is the same standard as motions to dismiss for lack of personal jurisdiction.[2] Particularly in this case, an analysis of proper venue is subsumed into an analysis of personal jurisdiction.

Allegations in a complaint "must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must

---

[1] *Value Chain Sols., LLC. v. Quality One Wireless, LLC*, No. 09-2586-JAR, 2010 WL 1643690, at *6 (D. Kan. Apr. 20, 2010); *see also Kuenzle v. HTM Sport–Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996).

[2] *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp.2d. 1051, 1058 (D. Kan. 2006).

be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."[3] "However, only the well pled facts of the plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true."[4]

**B.     Alternative Motion to Transfer Venue**

Transfer of venue is governed by 28 U.S.C. § 1404 or § 1406.  Which section governs depends on whether Plaintiffs' choice of venue is proper.  If the original venue is proper, § 1404 is the governing section; if venue is improper, § 1406 governs.

The relevant portion of § 1404 states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."[5]  Unless the balance of interests "is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed."[6]

The relevant portion of § 1406 states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[7]  The

---

[3] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (internal quotation marks omitted).

[4] *Id*.

[5] 28 U.S.C. § 1404(a).

[6] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

[7] 28 U.S.C. § 1406(a)(1).

phrase "if it is in the interest of justice" grants the Court discretion in deciding to dismiss or transfer an action.[8]

### III. Analysis

First, the Court will consider whether venue is proper in Kansas. If venue is improper, the Court will next consider whether transfer of venue is in the interest of justice.

**A.    Improper Venue pursuant to 28 U.S.C. § 1391**

Plaintiffs can lay proper venue in one of three ways, each of which is correspondingly set forth in 28 U.S.C. § 1391(b)(1-3). For the purposes of this case, the only dispositive and relevant subsection is (b)(1).[9]

*1.    Residential Venue - § 1391(b)(1)*

Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) if *all* Defendants are residents of Kansas. In the present case, both Defendants are businesses. For the purpose of determining proper venue, if a district court has personal jurisdiction over a business, that business is a resident of the state where the district resides.[10] As such, in this case an analysis of personal jurisdiction is determinative to proper venue under (b)(1).

In a diversity action, "personal jurisdiction over a nonresident defendant is determined by the law of the forum state."[11] Under Kansas law, the exercise of personal jurisdiction generally

---

[8] *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006).

[9] Subsection (b)(2) governs if "a substantial part of the events or omissions giving rise to the claim occurred" in the forum. The parties agree that all events occurred in Nevada, so this subsection is irrelevant. Furthermore, (b)(3) is irrelevant since Nevada was a proper optional venue under (b)(2).

[10] 28 U.S.C. § 1391(c)(2).

[11] *Caldwell–Baker Co. v. S. Ill. Railcar Co.*, 225 F. Supp. 2d 1243, 1259 (D. Kan. 2002).

requires a two-step analysis to determine "whether the exercise of jurisdiction is sanctioned by the long-arm statute of the forum state and comports with due process requirements of the Constitution."[12] However, because the Kansas long-arm statute is construed liberally, federal courts may proceed directly to the due process analysis.[13]

The due process analysis involves a two-step inquiry.[14] First, the plaintiff must show that the nonresident defendant has "minimum contacts" with the forum state by demonstrating that it purposefully availed itself of the protections or benefits of the state's laws, such that it should reasonably anticipate being haled into court there.[15] If the plaintiff successfully establishes such minimum contacts, the burden shifts to the defendant to prove that the exercise of jurisdiction would offend "traditional notions of fair play and substantial justice."[16] This second inquiry is commonly referred to as the "reasonableness" test.

      a. Minimum Contacts

The constitutional touchstone of the Due Process Clause is whether the defendant purposefully established minimum contacts in the forum state.[17] This requirement ensures "that a defendant will not be subject to the laws of a jurisdiction solely as a result of random,

---

[12] *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304–05 (10th Cir. 1994).

[13] *Ablulimir v. U-Haul Co. of Kan., Inc.*, 2011 WL 2746094, *2 (D. Kan. July 13, 2011).

[14] *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).

[15] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.").

[16] *Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987) (internal quotation marks and citation omitted); *see also AST Sports Sci., Inc.*, 514 F.3d at 1057.

[17] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person."[18] "The minimum contacts standard may be met in one of two ways: (1) a court may exercise general jurisdiction if the defendant's contacts with the forum state are continuous and systematic; or (2) a court may exercise specific jurisdiction over a defendant if it purposefully directs activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities."[19] The Court will address specific jurisdiction and general jurisdiction in turn.

i. *Specific Jurisdiction*

In tort cases, "the minimum contacts necessary for specific personal jurisdiction are established when the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum."[20] Under the purposeful direction test, Plaintiffs must show that Defendants expressly intended to act in Kansas with knowledge that the brunt of the injury would be felt there.[21] Specific jurisdiction is "based on a matter occurring in the forum state."[22] With regard to this consideration, "although physical presence in the forum is not a

---

[18] *AST Sports Sci., Inc.*, 514 F.3d at 1058 (internal quotation marks and citation omitted).

[19] *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001).

[20] *Id.*; *see also Merriman v. Crompton Corp.*, 146 P.3d 162, 168 (Kan. 2006).

[21] *Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014).

[22] *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996).

prerequisite to jurisdiction, physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact."[23]

But it is not enough for Plaintiffs to show that Defendants purposefully directed their activities toward Kansas. For the Court to have specific jurisdiction, Plaintiffs must also demonstrate that its alleged injuries arose from Defendants' activities in Kansas. The key inquiry is whether a nexus exists between Defendants' contacts and Plaintiffs' cause of action.[24] For this determination, the Tenth Circuit has not decided whether to adopt a "but-for" or a "proximate cause" standard.[25] However, it is clear that the "arise out of" requirement is not met if Plaintiffs would have suffered the same injury even if Defendants had no activity in Kansas.[26]

In the present case, Venetian's sole contact with Kansas is that it advertises there. As explained below, mere advertising is insufficient contact to support general jurisdiction, let alone specific jurisdiction. Nothing about Venetian's advertising proves that it purposefully directs its activities toward citizens of Kansas. Furthermore, Plaintiffs' injuries could have occurred whether or not Venetian advertised in Kansas, thus negating the "arising out of" element. Because Venetian does not purposefully direct its activities toward citizens of Kansas, and because Plaintiffs' injuries did not arise out of Venetian's contact with Kansas, the Court lacks specific jurisdiction over Venetian.

---

[23] *Application to Enforce Admin. Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 417 (10th Cir. 1996) (citation omitted).

[24] *TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1291 (10th Cir. 2007).

[25] *See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160-61 (10th Cir. 2010); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1079 (10th Cir. 2008).

[26] *Kuenzle*, 102 F.3d at 457 (10th Cir. 1996) (citing *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 272 (9th Cir. 1995)).

Likewise, Plaintiffs' injuries did not arise out of Otis's contacts with Kansas. The elevator that caused Plaintiffs' injuries is located in Nevada. Otis's operation of other elevators in Kansas is irrelevant. This action is not based on activities arising out of Otis's contacts with Kansas; rather, it is based on activities arising out of Otis's contact with Nevada. Since the "arising out of" element is clearly lacking, the Court's determination of "purposeful direction" is unnecessary. The Court lacks specific jurisdiction over both Defendants because Plaintiffs' action is not based on activities arising out of Defendants' contacts with Kansas.

        ii.    *General Jurisdiction*

"General jurisdiction exists when the defendant's contacts with the forum state are so 'continuous and systematic' that the state may exercise personal jurisdiction even when the claims are unrelated to the defendant's contacts with the forum state."[27] For the Court to have general jurisdiction, "the defendant's contacts with the state must be greater than those required for specific jurisdiction."[28] To determine whether continuous and systematic business contacts support the exercise of general jurisdiction, courts should consider the following:

> (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation.[29]

---

[27] *Kluin v. Am. Suzuki Motor Corp.*, 56 P.3d 829, 835 (Kan. 2002) (citing *Trierweiler*, 90 F.3d at 1533 (10th Cir.1996)) (internal quotation marks omitted)).

[28] *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 146 (10th Cir. 1996).

[29] *Trierweiler*, 90 F.3d at 1533.

"Moreover, the mere placement of advertisements . . . cannot be regarded as 'continuous and systematic' in nature."[30] "The Supreme Court has established this as being a high threshold."[31] In summary, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the state are so 'continuous and systematic' as to render them *essentially at home* in the forum state."[32]

In the landmark Supreme Court case *Helicopteros,* "a foreign corporation negotiated a contract in Texas, forwarded checks out of a Texas bank, bought goods and services from a Texas manufacturer, and sent personnel to Texas for training; still, the corporation's contacts were insufficient to allow Texas to assert jurisdiction."[33] In the present case, Venetian simply advertised in Kansas. Venetian is not a Kansas corporation and has no registered agent in the state. It operates no casinos, resorts, or hotels in Kansas. It keeps no bank accounts in Kansas, nor does it maintain a local office there. Other than trying to attract Kansans—and presumably citizens of every other state—to Nevada, Venetian conducts no business in the state of Kansas. These contacts are not "continuous and systematic" and Venetian is not "at home" in Kansas. Therefore, the Court does not have general jurisdiction over Venetian.

On the contrary, the Court can assert general jurisdiction over Otis. Otis operates countless elevators throughout Kansas, two of which reside in the courthouse that this Court

---

[30] *Doering*, 259 F.3d at 1210.

[31] *Trierweiler*, 90 F.3d at 1544 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–17 (1984)).

[32] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (emphasis added).

[33] *Trierweiler*, 90 F.3d at 1544 (citing *Helicopteros*, 466 U.S. at 415).

occupies. Otis also maintains a resident agent in Kansas. These contacts rise to the level of "systematic and continuous," and therefore the Court has general jurisdiction over Otis.

      b.   Fair Play and Substantial Justice

Typically, after establishing Defendants' minimum contacts, the Court must determine whether exercising jurisdiction over Defendants would offend "traditional notions of fair play and substantial justice."[34] At this point, the burden would shift to Defendants to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[35] However, in the present case, the "reasonableness" analysis is unnecessary. Although it has personal jurisdiction over Otis, the Court lacks personal jurisdiction over Venetian. Therefore, for the purposes of analyzing venue, Venetian is not a "resident" of Kansas. As such, the Court need not conduct the "reasonableness" analysis.

Venue is improper since Plaintiffs have failed to establish that *all* Defendants are residents of Kansas pursuant to 28 U.S.C. § 1391(b)(1), which is the statute's only subsection relevant to this case. Resultantly, the Court grants Defendants' motion to dismiss for improper venue. The justification for dismissal as opposed to transferal is explained below.

**B.    Motion to Transfer Venue pursuant to 28 U.S.C. § 1406**

Because venue is improper, the Court now turns to § 1406 to determine whether transfer is warranted. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any

---

[34] *World-Wide Volkswagen*, 444 U.S. at 292 (citation omitted).

[35] *Dudnikov*, 514 F.3d at 1080 (quoting *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1280 (10th Cir. 2005)).

district or division in which it could have been brought."[36] The Supreme Court has further clarified the intent of the statute, stating:

> The problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn. Indeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake.[37]

"The language and history of § 1406 . . . show a congressional purpose to provide as effective a remedy as possible to avoid precisely this sort of injustice."[38] "[W]e have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice."[39] "[W]here the court determines that it lacks jurisdiction *and the interests of justice require transfer* rather than dismissal, '[t]he correct course . . . [is] to transfer the action.'"[40] "Moreover, transfer would only be proper if the original action was filed in good faith rather than filed after 'plaintiff either realized or should have realized that the forum in which he or she filed was improper.'"[41] The

---

[36] 28 U.S.C. § 1406(a).

[37] *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

[38] *Id.*

[39] *Trujillo*, 465 F.3d at 1222–23.

[40] *Id.* at 1223 (quoting *Ross v. Colo. Outward Bound Sch., Inc.*, 822 F.2d 1524, 1526 (10th Cir. 1987)) (emphasis added).

[41] *Dagen v. Book*, 249 F.R.D. 362, 367 (D. Colo. 2008) (quoting *Trierweiler*, 90 F.3d at 1544 (10th Cir. 1996)).

Court must evaluate the possibility of transferring a claim, and provide reasons if it otherwise chooses to dismiss the claim.[42]

It is not in the interest of justice to transfer this case, therefore the Court grants Defendants' motion to dismiss. Integral to the Court's decision is the Nevada statute of limitations on Plaintiffs' negligence claim; it has not run, nor is it close to running. In Nevada, the statute of limitations for negligence claims is two years from the date of the events giving rise to the action.[43] Therefore, Plaintiffs have until May 29, 2018, to file a new action in Nevada. Plaintiffs can easily bring an action in that forum, as they originally should have. As cited above, previous courts have indicated that the statute of limitations is an important factor in weighing "the interest of justice." Because that prominent factor presents no issue in this case, it is not in the interest of justice to transfer the action.

Additionally, Plaintiffs allege no mistake of fact in improperly filing this action in Kansas. While there is no evidence of bad faith on the part of the Plaintiffs in choosing Kansas as a forum, they have nevertheless failed to show that venue is proper. Furthermore, Plaintiffs' counsel should have anticipated that venue in Kansas would be improper due to the Court's lack of general jurisdiction over Venetian.

Although Nevada is a proper venue where this case could have been brought, it is not in the interest of justice to transfer this case to Nevada. After weighing the aforementioned factors, the Court dismisses this case for improper venue.

---

[42] *Trujillo*, 465 F.3d at 1223.

[43] Nev. Rev. Stat. Ann. § 11.190 (West 2017).

### IV. Conclusion

Venue is proper if *all* the Defendants are residents of the forum state, if a substantial part of the events giving rise to the action occurred in the state, or if no other state is a proper venue. Since Defendants are businesses, their residency in Kansas hinges on whether the Court has personal jurisdiction over them. The Court lacks personal jurisdiction over Venetian, and therefore Venetian is not a resident of Kansas. Furthermore, it is undisputed that all the events giving rise to the action occurred in Nevada, and as such, Nevada is an alternatively proper venue. Finally, it is in the interest of justice to dismiss this case rather than transfer it to Nevada.

**IT IS THEREFORE ORDERED** that Otis's motion to dismiss for improper venue, or alternatively transfer venue, (Doc. 8) is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Venetian's motion to dismiss for improper venue, or alternatively transfer venue, (Doc. 12) is hereby **GRANTED.**

**IT IS SO ORDERED.**

Dated this 16th day of June, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE